IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

LAUREN BAUCOM,                    )
                                  )
            Plaintiff,            )
                                  )
v.                                )    Case No. CIV-15-154-JHP-KEW
                                  )
CAROLYN W. COLVIN, Acting         )
Commissioner of Social            )
Security Administration,          )
                                  )
            Defendant.            )

## REPORT AND RECOMMENDATION

Plaintiff Lauren Baucom (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ." 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social

Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

standards were applied. <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971) (quoting <u>Consolidated Edison Co. v. NLRB</u>, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. <u>Casias v. Secretary of Health & Human Servs.</u>, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." <u>Universal Camera Corp. v. NLRB</u>, 340 U.S. 474, 488 (1951); *see also*, <u>Casias</u>, 933 F.2d at 800-01.

### Claimant's Background

Claimant was born on June 6, 1988 and was 25 years old at the time of the ALJ's decision. Claimant completed her education through the eleventh grade with special education classes. Claimant has worked in the past as a car hop at a fast food restaurant. Claimant alleges an inability to work beginning March 14, 2011 due to limitations resulting from a seizure disorder.

## Procedural History

On March 19, 2012, Claimant protectively filed for supplemental security income under Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's application was denied initially and upon reconsideration. On September 18, 2013, an administrative hearing was conducted by Administrative Law Judge ("ALJ") Deborah L. Rose in Tulsa, Oklahoma. The ALJ entered an unfavorable decision on January 21, 2014. The Appeals Council denied review on March 9, 2014. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, she retained the RFC to perform light work with limitations.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to include work-related limitations for all of the severe impairments or incorporate all of the impairments of physicians whose opinions were given great weight; (2) failing to perform a function-by-function analysis of Claimant's limitations in the RFC; and (3)

4

failing to properly review the opinion evidence for the RFC.

**RFC Assessment**

In his decision, the ALJ determined Claimant suffered from the severe impairments of seizures, depression, borderline intellectual functioning, and post traumatic stress disorder. (Tr. 12). The ALJ concluded that Claimant retained the RFC to perform light work. In so doing, he found Claimant could lift, carry, push, and/or pull up to twenty pounds occasionally and ten pounds frequently; stand and/or walk up to six hours in an eight hour workday; sit up to six hours in an eight hour workday; avoid work hazards; limited to simple, routine tasks involving no public interaction to perform duties; and no more than superficial and incidental work-related interaction with co-workers and supervisors. (Tr. 14). After consultation with a vocational expert, the ALJ found Claimant retained the RFC to perform the representative jobs of hotel housekeeper, bottling line attendant, and circuit board assembler, all of which the ALJ found to exist in sufficient numbers both regionally and nationally. (Tr. 20). As a result, the ALJ found Claimant was not disabled since March 14, 2011. Id.

Claimant first contends the ALJ failed to consider or include any of the limitations associated with her severe mental impairments in the RFC. She specifically argues that the inclusion

5

of "simple, routine tasks" did not encompass the mental limitations found in the medical record and is not expressed in valid work-related functional terms.

The vast majority of the discussion in the ALJ's decision surrounds her extensive history of seizures since age 13. (Tr. 14-17). The ALJ did discuss the various psychological evaluations performed on Claimant. (Tr. 17-18). The consultative evaluation by Dr. Todd Graybill was given "great weight." Dr. Graybill determined Claimant had a full scale IQ of 76 placing her in the borderline range of intellectual functioning. (Tr. 231). He concluded that Claimant's "attention span and concentration abilities were impaired commiserate with her overall intellectual level. Her social skills were minimally appropriate." (Tr. 232).

The ALJ's restriction in the RFC to "simple, routine tasks" does not adequately encompass these restrictions. Moreover, the ALJ determined Claimant was moderately limited in social functioning, activities of daily living, and concentration, persistence or pace. (Tr. 12-13). Yet, the ALJ did not include or consider and reject any such restrictions in the RFC which constitutes error. *See, e.g.* Saiz v. Colvin, 2013 WL 5550229, 5 (D.Colo.).

Claimant next asserts the hypothetical questioning to the

vocational expert did not include all of her restrictions. Given that the ALJ must reassess his RFC findings in light of the functional limitations of record on remand, he shall also reformulate his questions to the expert to more accurately represent the totality of Claimant's mental impairments.

### Evaluation of Opinion Evidence

Claimant contends the ALJ should not have relied upon the opinions of the agency physicians because they did not provide any work-related limitations and those limitations were not sufficiently carried through to the RFC. This argument differs little from the assertions of error previously expressed in Claimant' briefing. No further discussion of this issue is necessary.

### Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied. Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED** and the case **REMANDED** for further proceedings. The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections,

with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 15th day of August, 2016.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE